**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4111**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

TYWON ORLANDO WALKER,

              Defendant – Appellant,

**No. 10-4560**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

BRANDON LEE HAWKINS,

              Defendant – Appellant,

**No. 10-4590**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

KEON DENARD COVINGTON,

                    Defendant – Appellant,

                    ─────────────

                     **No. 10-4607**

                    ─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

          v.

NATHANIEL ANTHONY BROWN,

               Defendant – Appellant.

                    ─────────────

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge; N. Carlton Tilley, Jr., Senior District Judge; Thomas David Schroeder, District Judge.  (1:09-cr-00144-WO-1;  1:09-cr-00304-NCT-1;  1:09-cr-00195-TDS-1;  1:09-cr-00270-TDS-1)

                    ─────────────

Submitted:  August 22, 2011       Decided:  September 19, 2011

                    ─────────────

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

                    ─────────────

Vacated and remanded by unpublished per curiam opinion.

                    ─────────────

William C. Ingram, Thomas N. Cochran, Assistant Federal Public Defenders, Greensboro, North Carolina, for Appellants.  John W. Stone, Jr., Acting United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

                    ─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Tywon Orlando Walker, Brandon Lee Hawkins, Keon Denard Covington, and Nathaniel Anthony Brown appeal their convictions following guilty pleas[1] to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). On appeal, Appellants argue that the North Carolina convictions forming the basis for their federal convictions were not felonies, and therefore they were not convicted felons. We agree; accordingly, we vacate their convictions.

We review de novo a district court's denial of a motion to dismiss the indictment where denial depends on a question of law. See United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). Section 922(g)(1) prohibits the possession of a firearm by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

Appellants were charged and convicted consistent with our decision in United States v. Harp, 406 F.3d 242, 246-47 (4th

---

[1] Hawkins, Covington, and Brown entered conditional guilty pleas, preserving their right to appeal the district court's denials of their motions to dismiss their indictments. Walker raised the issue in the district court after his guilty plea but before sentencing, and we conclude he has adequately preserved the issue.

Cir. 2005). We recently overruled Harp with our en banc decision in United States v. Simmons, No. 08-4475, 2011 WL 3607266, at *3 (4th Cir. Aug. 17, 2011), holding that a North Carolina offense may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the defendant was not eligible for such a sentence. Id. at 8. Appellants were not eligible for sentences exceeding one year. Thus, under Simmons, their North Carolina convictions were not for crimes punishable by more than one year's imprisonment and could not support their federal indictments.[2]

Accordingly, we vacate Appellants' convictions and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2] We of course do not fault the Government or the district court for reliance upon, and application of, unambiguous circuit authority at the time of Appellants' indictment and convictions.

4